Everett OATES, et ux, Individually and
as Parents, et al *v.* ST. LOUIS SOUTHWESTERN
RAILROAD COMPANY d/b/a THE
COTTON BELT, et al

78-254                                    587 S.W. 2d 10

Opinion delivered September 24, 1979
(In Banc)

*Patterson & Welch,* by: *Morgan E. Welch,* for appellants.

*Barrett, Wheatley, Smith & Deacon,* for appellees.

JOHN I. PURTLE, Justice. This case arises from a tort action on behalf of the parents and estate of the decedent who was driving an automobile when it was struck by a train. The jury, by interrogatories, found decedent's negligence prox-

imately contributed to the occurrence and that the appellees were not guilty of any negligence which proximately caused the injuries and damages. From the jury's verdict appellants bring this appeal.

Appellants contend the court erred in rejecting evidence of prior accidents at this crossing; allowing an officer to orally reconstruct the accident; rejecting testimony of a local resident about the history of accidents at this crossing; and by refusing to give AMI Instruction 502. We find no error in any of the rulings by the trial court and affirm the judgment as entered.

Decedent was driving a vehicle south on State Highway 39 where it intersects U.S. Highway 64, in the community of Fair Oaks in Cross County, Arkansas, when she was struck by the northbound train as she proceeded across the railroad on U.S. Highway 64. Highway 39 stops at Highway 64, about 65 feet east of the Cotton Belt tracks. To continue south on Highway 39 the decedent had to turn right on U.S. Highway 64 to cross the tracks. Highway 39 then continues south a short distance after it crosses the railroad. The collision occurred about 3:40 p.m. on November 24, 1974. There is evidence that the railroad signal lights were flashing, the whistle blowing and the bell ringing. Decedent was driving about 10 miles per hour when she pulled on the tracks in front of the train which struck her vehicle.

Appellants attempted to prove several prior accidents at this crossing which certainly has had its share of accidents. Part of the proof was statistics compiled by the Arkansas Highway Department purporting to show the crossing to be abnormally dangerous. The computer printout maintained by the highway department contained a number of reported accidents at this crossing for the past 15 years. The highway department had classified this crossing as a hazardous one. The rating did not take into consideration certain improvements made by the railroad in 1964 nor did the printout describe the conditions and circumstances of each accident. The court rejected the highway department's figures which were then proffered by the appellants. Appellants also offered the testimony of a local resident to the effect that there had

been many accidents at this crossing during the time he lived in Fair Oaks. This testimony was also rejected by the court but proffered by the appellants. Additionally, appellants had propounded interrogatories to the appellees which answers revealed prior accidents at this crossing. After the unfavorable ruling by the court concerning prior accidents these interrogatories were not offered into the record.

None of the witnesses presented testimony that the other accidents occurred under substantially similar circumstances to those existing at the time of the accident in question. Most, if not all, of the other accidents occurred in the early morning or late afternoon and involved vehicles traveling east and west on U.S. Highway 64 when the sun was shining directly into the drivers' eyes.

The state trooper testified that the sun would have been shining from the right of a person headed south on Highway 39 at the time of this accident. He stated what could be seen by a driver at the time of his observations which were about an hour and a half after the accident. We believe his observations were close enough in point of time to allow him to state his observations to the jury.

There was some evidence that there was a large, red truck in the area which may have partially obstructed the view of the decedent and/or the train crew. However, appellants did not plead or offer proof that the large, red truck was a proximate cause of the accident. The court refused to give AMI Instruction 502 which relates to concurring proximate causes.

We have previously held before other accidents may be offered to show a dangerous or defective condition, and thereby notice to the defendant, it must first be shown there is a substantial similarity of conditions in the proof as to make it reasonable or probable that the same causes or conditions produced the same or similar results. *Bush* v. *Taylor*, 130 Ark. 522, 197 S.W. 1172 (1917); *St. Louis Southwestern Railway Co.* v. *Jackson*, 242 Ark. 858, 416 S.W. 2d 273 (1967); and *Chicago Rock Island & Pacific Railroad* v. *Lynch*, 246 Ark. 1282, 441 S.W. 2d 793 (1969). None of the witnesses in the present case

testified to conditions and circumstances which tended to make it appear probable or reasonable that the decedent's vehicle was traveling under substantially similar conditions as those of the drivers in the other occurrences. Even considering the evidence which was proffered, we cannot say the trial court erred for the reasons above stated.

AMI 502 is to be given when there are concurring proximate causes. The note on use specifically states it is not to be given when the case is submitted on interrogatories. Since AMI 501 was properly given, it was not error to refuse to give AMI 502.

Affirmed.